**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Alejandro S.,

Petitioner,

v.

U.S. Government,

Respondent.

Case No. 26-cv-3788 (KMM/DTS)

**ORDER DENYING HABEAS PETITION WITHOUT PREJUDICE**

---

On August 26, 2026, petitioner Alejandro S. filed a petition for a writ of habeas corpus challenging the legality of his ongoing detention pending removal proceedings. *See* ECF No. 1. The Court directed the government to respond to the habeas petition and show cause why the petition should not be granted. *See* ECF No. 2. Shortly thereafter, the government informed the Court that Petitioner had been transferred to a facility located within the geographic boundaries of the United States District Court for the Western District of Texas one day before the habeas petition had been received by the Court. *See* ECF Nos. 5-6. The government also informed the Court that Petitioner had initiated habeas proceedings in the Western District of Texas following his transfer. *See Alejandro S. v. ERO El Paso Camp East Montana*, No. 3:26-cv-2227 (LS) (W.D. Tex. filed Aug. 27, 2026). The Texas habeas case remains ongoing.

The "default rule" in habeas corpus proceedings "is that the proper respondent is the warden of the facility where the prisoner is being held" and that jurisdiction lies in the venue where the warden can be located and served. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Had the government been served with the petition in this matter prior to Petitioner's transfer to Texas, the Court would retain jurisdiction over this matter notwithstanding the transfer. *See Weeks v. Wyrick*, 638 F.2d 690, 692 (8th Cir. 1980) ("Once the custodian is properly served, subsequent transfer of the petitioner does not cause a loss of habeas corpus jurisdiction in the original district."). The evidence submitted by the government, however, demonstrates that Petitioner's transfer had occurred before the habeas petition had been received by the Court and before the government had been served with the petition. Accordingly, this District was not an appropriate venue for this litigation at the time it was filed.

If Petitioner had not already initiated a substantively identical habeas proceeding in the Western District of Texas, the Court would transfer this matter to that venue pursuant to 28 U.S.C. § 1406(a) and 28 U.S.C. § 1631 for further consideration on the merits. Because habeas proceedings are already ongoing in that venue, however, transfer of this proceeding would not serve any useful purpose and therefore would not be in the interest of justice. Accordingly, the habeas petition in this matter will be denied without prejudice and this matter dismissed. Nothing about the dismissal in this matter is

intended to affect in any way the disposition of Petitioner's ongoing habeas proceedings in the Western District of Texas.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The petition for a writ of habeas corpus of petitioner Alejandro S. [ECF No. 1] is **DENIED WITHOUT PREJUDICE**.

2. This matter is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: September 18, 2026

*s/Katherine M. Menendez*
Katherine Menendez
United States District Judge